UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 05-30046-MAP |
| | ) | |
| EDUARDO PAGAN, | ) | |
| Defendant | ) | |

MEMORANDUM WITH REGARD TO DEFENDANT'S MOTION
TO RECONSIDER DETENTION STATUS (Document No. 16)
October 19, 2005

NEIMAN, U.S.M.J.

Eduardo Pagan ("Defendant") has been charged in an indictment dated June 9, 2005, with four counts of distribution and possession with intent to distribute cocaine base and cocaine hydrochloride in violation of 18 U.S.C. § 841. The Government moved for detention pursuant to 18 U.S.C. § 3142(e) and (f), asserting that Defendant presents a risk of flight and a danger to the community. The court allowed the motion after a hearing on June 16, 2005, but indicated that it would revisit the issue should Defendant offer a set of release conditions acceptable to the court.

Defendant thereafter proposed certain conditions and another hearing was held on June 29, 2005. The court, however, denied Defendant's motion for reconsideration and ordered that Defendant remain detained in accord with the Pretrial Services Officer's recommendation. On September 29, 2005, Defendant again asked for reconsideration and on October 6, 2005, the court held another hearing and again

denied Defendant's motion. Understanding that Defendant is appealing this latest decision, the court now memorializes its decision in writing.

## I. Bail Reform Act

Under 18 U.S.C. § 3142 ("The Bail Reform Act" or "the Act"), the judicial officer shall order that, pending trial, a defendant be (1) released on his own recognizance or upon execution of an unsecured bond; (2) released on a condition or combination of conditions; (3) temporarily detained to permit revocation of conditional release, deportation, or exclusion; or (4) detained. 18 U.S.C. § 3142(a). Under the Act, the judicial officer may detain a person pending trial only if, after a detention hearing held pursuant to 18 U.S.C. § 3142(f), the judicial officer determines that "no condition or combination of conditions [set forth under 18 U.S.C. § 3142(b) or (c)] will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e).

The Supreme Court has cautioned that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987). For this reason, a defendant may be detained only if the judicial officer finds by (1) *clear and convincing evidence*, that the defendant is a danger to the community, or (2) *a preponderance of the evidence*, that the defendant poses a risk of flight. *See* 18 U.S.C. § 3142(f); *United States v. Patriarca*, 948 F.2d 789, 792-93 (1st Cir. 1991); *United States v. Jackson*, 823 F.2d 4, 5 (2d Cir. 1987); *United States v. Berrios-Berrios*, 791 F.2d 246, 250 (2d Cir. 1986). Furthermore, the judicial officer "may not impose a financial condition that results in the pretrial detention

2

of the person." 18 U.S.C. § 3142(c).

The Bail Reform Act establishes a two-step procedure for making the determination that a defendant should be detained. First, the Government is entitled to move for detention when a defendant has been charged with an offense enumerated in the Act for which Congress has determined that detention is warranted. See 18 U.S.C. § 3142(f)(1). Second, the judicial officer must determine whether any condition or combination of conditions will adequately ensure the appearance of the defendant and the safety of the community against any danger posed by the defendant's pretrial release. See United States v. Friedman, 837 F.2d 48, 49 (2d Cir. 1988).

In meeting its burden on the issue of whether "any condition or combination of conditions of release will reasonably assure the appearance of the person as required and the safety of any other person and the community," the Government is aided by the statutory presumptions created by 18 U.S.C. § 3142(e). Where the offense charged is one of the offenses enumerated in section 3142(f)(1), a rebuttable presumption is created by section 3142(e), that no condition or combination of conditions will reasonably assure the safety of the community if the judicial officer finds that: (1) the defendant has been convicted of a federal offense that is described in section 3142(f) or an offense under state law that would have been described in section 3142(f)(1) if federal jurisdiction had existed, (2) such offense was committed while the person was on release pending trial for a federal, state or local offense, and (3) a period of not more than five years has elapsed since the date of conviction or release from imprisonment for such offense.

The Government may invoke the same rebuttable presumption if the judicial

officer finds probable cause to believe that the defendant committed an offense: (1) for which a maximum term of imprisonment of ten years or more is prescribed in (a) the Controlled Substances Act, (b) the Controlled Substances Import and Export Act, or (c) the Maritime Drug Enforcement Act; or (2) under 18 U.S.C. § 924(c).

In making the determination as to whether a defendant overcomes the statutory presumption of 18 U.S.C. § 3142(e), the judicial officer is compelled to consider the following factors:

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including --
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. . . .

18 U.S.C. § 3142(g). The Government has invoked the rebuttable presumption in the instant case.

## II. Finding of Facts and Discussion of Whether Detention is Warranted

The court makes the following factual findings and conclusions of law.

### A. Nature of Offense: § 3142(g)(1)

4

As described, Defendant, a convicted felon who previously served four years in jail for the sale of illegal drugs, has been charged with the distribution and possession of cocaine base and cocaine hydrochloride on at least three different occasions in October and November of 2004. The Government indicates that Defendant faces a guidelines sentence of 87 to 108 months, but a mandatory minimum sentence of ten years.

### B. The Weight of the Evidence: § 3142(g)(2)

The case against Defendant is strong, based as it is on consensually monitored audio tapes and the active participation of a cooperating witness.

### C. History and Characteristics of Defendant: § 3142(g)(3)(A)

Defendant is twenty-seven years old, was born in Puerto Rico and received his high school diploma in 2000 while incarcerated in the State of Connecticut. After his release from jail, Defendant lived in and around Springfield, most recently with a girlfriend and her one year old son. Defendant himself has no children. Defendant's father lives in New York and his mother in Puerto Rico. Of his three siblings, one brother, Roberto, age twenty-one, lives in Springfield.

Defendant reports that he previously worked through Quality Staffing of West Springfield but, as reported by that agency, will no longer be able to work through its office because of his failure to report to work on May 27, 2005.

### D. Probation Status of Defendant: § 3142(g)(3)(B)

It appears that the charged crimes were not committed while Defendant was on probationary or parole status.

### E. Whether Defendant Poses a Risk of Flight: § 3142(e)

In accord with the rebuttable presumption in the Government's favor, the court believes that Defendant poses a risk of flight given his shallow roots in the community as well as the lengthy sentence he faces.

F. <u>Whether Defendant Poses a Risk to the Community: § 3142(g)(4)</u>

The Government also asserts that Defendant, if released, will pose a danger to the community and that there are no conditions which would guard against that danger. For the reasons which follow, the court agrees.

The circumstances surrounding the charges, particularly Defendant's role in the Latin Kings gang, as supported by testimony and documentary evidence provided to the court, make clear that he poses a continuing danger to the community. In making this determination, the court relies, in part, on the affidavit and testimony of Robert C. Lewis, an FBI agent for fifteen years.[1] The evidence clearly describes Defendant's role in the Latin Kings, in particular his relationship with Anthony Collazo, a high-ranking, albeit jailed, member of that gang. Agent Lewis also testified that, in a series of three recorded telephone conversations, Defendant indicated his willingness to enforce, through violence if necessary, gang discipline and retaliation.

Agent Lewis' affidavit recounts federal indictments of twenty-two members and associates of the Latin Kings in Boston. Certain of those defendants have pleaded guilty and have cooperated, providing an "insider's understanding of the inner workings of the state-wide leadership of the Massachusetts Regional Chapter of the Latin Kings

---

[1] To be sure, Agent Lewis' direct, personal information is somewhat dated. But the other information he has sworn to and testified about has been gathered by current law enforcement investigators, in particular FBI Special Agent Mark S. Karengekis. *See United States v. Acevedo-Ramos*, 755 F.2d 203, 208 (1st Cir. 1985).

and its relationship to the local chapter," including the "stronghold" of the Regional Chapter in Western Massachusetts, most particularly Springfield and Holyoke. The ongoing investigation led to Defendant's current indictment as well as the indictment of more than twenty other Latin King members and associates. These defendants have been charged with a broad range of drug and weapons crimes. Agent Lewis' affidavit and testimony further describe the Latin Kings as a well-organized gang with a hierarchy designed to enforce the gang's criminal purposes.

Of course, even in cases where there is the potential for danger, there may still be strict conditions of release which can serve as a reasonable guard against that risk. See Patriarca, 948 F.2d at 794. Here, Defendant suggests, those conditions include residing with his brother, electronic monitoring, employment and other standard provisions. Defendant also suggest that he have no contact with any individual identified as a member of the Latin Kings.

Unfortunately for Defendant's cause, these conditions are indistinguishable from those he previously offered. For one thing, the court finds little comfort in his residing with his younger brother. Indeed, when the court originally raised this very concern, Defendant suggested instead that he reside with a step-sister, Chrissie Rivera, in Worcester. This suggestion, however, proved disastrous for Defendant once the court had the opportunity to question Ms. Rivera at the hearing on June 29, 2005. First, Ms. Rivera's status as a "step-sister" was quite dated; they lived as step siblings for a relatively short period of time approximately fifteen years ago. Second, Ms. Rivera, age twenty-seven, proved to be less than an appropriate custodian. Despite the court's initial positive impression of her, it became evident during the hearing, with no

7

assistance from Defendant, that Ms. Rivera herself was a member of the Latin Queens, was herself known as Queen Taz, was active in the Latin Kings and Queens organization in Worcester, and likely had facilitated the very contacts between Defendant and the cooperating witness for the sale of drugs which let to the instant indictment. As the court indicated at the latest hearing, Defendant remained silent during this colloquy and was thus more than willing to be placed in the custody of another gang member, despite his present suggestion that he not have contact with such individuals as a condition of his release.

In the end, the court does not agree that Defendant's suggested conditions can reasonably assure the safety of the community or that he will not flee. Moreover, in the court's estimation, Defendant's present desire to "look after" his girlfriend and her son comes a bit too late. The court has little doubt that Defendant had a significant role in the Latin Kings and there is no evidence that his gang activity would diminish were he to be released.

Accordingly, Defendant has been ordered detained.

IT IS SO ORDERED.

DATED:   October 19, 2005

/s/ Kenneth P. Neiman
KENNETH P. NEIMAN
U.S. Magistrate Judge