STATE OF CONNECTICUT, SUPERIOR COURT

JUDICIAL DISTRICT OF WATERBURY

In the Matter of:

\* \* \* \* \* \* \* \* \* \*x

STATE OF CONNECTICUT          :    Case Number CR99-277847

    -versus-                  :

EDUARDO PAGAN                 :    APRIL 16, 1999

\* \* \* \* \* \* \* \* \* \*x

B E F O R E:

        HONORABLE RICHARD A. DAMIANI,

                              Judge

A P P E A R A N C E S:

    JOHN J. DAVENPORT, ESQ.
      Senior Assistant State's Attorney

    ALAN D. MCWHIRTER, ESQ.
      Public Defender

                              Patricia Sabol
                            Certified Court Reporter

1  THE COURT: We now have Eduardo Pagan.
2  MR. DAVENPORT: I just need a second to file a
3  substitute information. We have a plea agreement.
4  THE COURT: Mr. Pagan is here.
5  MR. MCWHIRTER: He is. May any prior pleas and
6  elections be withdrawn?
7  THE COURT: The Spanish interpreter is here.
8  MR. DAVENPORT: Yes, your Honor.
9  The state is filing substitute information
10  charging the defendant with one count of sale of
11  narcotics, violation of 21a-277(a). I'll ask he be
12  put to plea.
13  THE COURT: He's over the age of eighteen. How
14  far did you go to school, sir?
15  THE DEFENDANT: Eleventh grade. And I was
16  starting school again.
17  THE COURT: Have you taken any drugs, alcohol or
18  medication today?
19  THE DEFENDANT: Not today.
20  THE COURT: To a charge of possession of
21  narcotics with intent to sell, or sale of narcotics,
22  in violation of 21a-277(a), do you plead guilty or not
23  guilty?
24  THE DEFENDANT: Guilty.
25  MR. MCWHIRTER: That's under Alford, your Honor.
26  THE COURT: You could get fifteen years in jail
27  and/or a fifty thousand dollars fine. You commit the

```
 1       offense when you either sell narcotics or possess
 2       narcotics with intent to sell.  You understand that?
 3            THE DEFENDANT:  Yes.
 4            THE COURT:  By pleading guilty, you are giving up
 5       your right to say not guilty, have a trial before a
 6       judge or jury, have an attorney assist you at that
 7       trial, present defenses, confront accusers,
 8       cross-examine witnesses.  And you're giving up your
 9       right against self-incrimination.  You understand
10       that?
11            THE DEFENDANT:  Yes.
12            THE COURT:  If you are not an American citizen,
13       conviction here can lead to you being deported, denied
14       naturalization, or being excluded from the United
15       States of America.  You understand that?
16            THE DEFENDANT:  Yes.
17            THE COURT:  Are you on probation or parole?
18            THE DEFENDANT:  No.
19            THE COURT:  Anybody force you or threaten you to
20       plead guilty?
21            THE DEFENDANT:  No.
22            THE COURT:  What's the agreed upon sentence?
23            MR. DAVENPORT:  Four years to serve, your Honor.
24            MR. MCWHIRTER:  That would include a disposition
25       of the matter that's in the --
26            MR. DAVENPORT:  Yes.  It will resolve the G.A.
27       file, which I have right here, as well as his part A
```

1    case.
2         THE COURT:  You understand that, sir?
3         THE DEFENDANT:  Yes.
4         THE COURT:  And the facts, Mr. Davenport.
5         MR. DAVENPORT:  Yes, your Honor.  On March 2nd,
6    1999, officers of the Waterbury Police Department
7    executed a search and seizure warrant on the residence
8    of 25 Knoll Street.  The basis of that search and
9    seizure warrant was, among other things, a
10   hand-to-hand sale involving this defendant and a
11   confidential informant.
12        When the officers entered that apartment, they
13   did find him in sole occupancy of the apartment that
14   did belong to relatives of his, the Dupreys (phonetic
15   spelling).  And during the search of the apartment,
16   the Waterbury Police seized various items of
17   narcotics, including point ninety-three grams of crack
18   cocaine and twenty-six grams of a powder cocaine which
19   were placed in parts of the apartment where the owner
20   and resident of the apartment, Mr. Duprey, directed
21   Mr. Pagan to go get the other stuff.  And Mr. Pagan
22   went and retrieved all the items from the apartment
23   and then brought that to the police's attention.
24        That being the factual basis, the recommendation
25   here is four years to serve.  I will enter a nolle in
26   the G.A. case as part of the plea agreement.
27        THE COURT:  Do you have that file, Stacy?

1  THE CLERK: No.

2  THE COURT: You have to get that file. Do it
3  before you leave, please.

4  This is an Alford plea?

5  MR. MCWHIRTER: It is.

6  THE COURT: Mr. Pagan, you're not admitting the
7  facts Mr. Davenport just read about the drugs and you
8  as being true. You've entered your plea of guilty to
9  accept the sentence of four years rather than go to
10 trial where you acknowledge the state would have had
11 substantial evidence to convict you. And if
12 convicted, you could have received a more severe
13 penalty. You understand that, sir?

14 THE DEFENDANT: Yes.

15 THE COURT: Have you understood all my questions?

16 THE DEFENDANT: Yes.

17 THE COURT: You wish a PSI, Mr. McWhirter?

18 MR. MCWHIRTER: No, your Honor. We would waive.

19 MR. DAVENPORT: State will waive, as well.

20 THE COURT: Plea is accepted, finding of guilty
21 is made. You're committed to the custody of the
22 Commissioner of Corrections for a period of four
23 years. Any costs and fees are waived. Nolle is noted
24 on the part B file.

25 MR. DAVENPORT: Thank you, your Honor.

26 (The matter was concluded.)

27

```
STATE OF CONNECTICUT, SUPERIOR COURT

JUDICIAL DISTRICT OF WATERBURY


In the Matter of:

* * * * * * * * * *x

STATE OF CONNECTICUT
                                    : Case Number CR99-277847
    -Versus-
                                    :
EDUARDO PAGAN
                                    : APRIL 16, 1999
* * * * * * * * * *x
```

C E R T I F I C A T I O N


    I hereby certify that the foregoing is a true and correct transcript of the stenographic notes of the proceedings in the hereinbefore entitled matter and reduced to typewriting by me, heard before Honorable Richard A. Damiani, Judge, in the Superior Court, Judicial District of Waterbury, at Waterbury, on the 16th day of April, 1999.

    Dated at Waterbury, Connecticut, this 23rd day of February, 2006.


_____

Patricia Sabol

Certified Court Reporter

## Affidavit of Eduardo Pagan

I, Eduardo Pagan, hereby state under the pains and penalties of perjury:

1. On April 16, 1999 I entered an Alford plea in the State of Connecticut, Superior Court, Judicial District of Waterbury, to a charge of possession of narcotics with intent to sell;

2. At no time during the plea hearing was I specifically asked if my plea was voluntarily and freely given;

3. At no time was I advised that a jury would have to find me guilty beyond a reasonable doubt;

4. If I had been advised that a jury would have to find me guilty beyond a reasonable doubt I would not have pled guilty to the charges.

Signed under the pains and penalties of perjury this 21st day of July, 2006.

_____
Eduardo Pagan

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | CRIMINAL NO.  05-30046MAP |
| | ) | |
| EDUARDO PAGAN | ) | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF
OPPOSITION TO GOVERNMENT'S INFORMATION
FOR ENHANCED SENTENCE PURSUANT TO
21 U.S.C. §851**

## BACKGROUND

On April 16, 1999 Eduardo Pagan entered a guilty plea in the State of Connecticut, Superior Court, District of Waterbury, Case Number CR99-277847, to a charge of possession of narcotics with intent to sell.  (A copy of the transcript is attached hereto as Exhibit 1.)

Defendant did not admit the facts as presented at the plea hearing and entered a guilty plea pursuant to North Carolina v. Alford, 400 U.S. 25 (1970).

## ARGUMENT

A Defendant's guilty plea must be affirmatively shown to have been entered intelligently and voluntarily.  See Boykin v. Alabama, 395 U.S. 238 (1969) and Brady v. United States, 397 U.S. 742 (1970).

In Brady (supra) the Supreme Court held that "waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences."

Whether Defendant's plea was entered intelligently should be evaluated from the information available to the defendant at the time his plea was entered. Although defendant was advised of his right to trial, he was not advised by counsel or the court that the state would be required to offer evidence proving elements of the offense beyond a reasonable doubt and that the verdict would have to be unanimous. As stated in Defendant's Affidavit (attached hereto as Exhibit 2), Defendant would not have pled guilty had he been made aware of the government's heavy burden in proving its case (i.e. guilt beyond a reasonable doubt decided unanimously). This assertion is also supported by the fact that Defendant entered his plea pursuant to Alford (supra).

Defendant asserts that standard practice requires defendants to be advised that the state is required to offer evidence proving elements of the offenses beyond a reasonable doubt. (See United States v. Dipina, 230 F.3d 477, 482 (1st Cir. 2000).

Defendant submits that his counsel's failure to advise him of same amounted to ineffective assistance of counsel in that failure to do so was deficient, directly causing a result (i.e. a guilty plea) which would not have occurred if he had been made aware of the government's burden of proof (see Strickland v. Washington, 466 U.S. 668, 687 (1984)).

Consequently, Defendant argues that his decision to plead guilty was not entered intelligently, as he was unaware of the government's onerous burden of proof at the time plea was entered.

Defendant further asserts that during his plea colloquy he was never **specifically** (emphasis supplied) asked whether his plea was given voluntarily and freely.

## **CONCLUSION**

For the foregoing reasons defendant asserts that his fundamental Constitutional rights were violated, and his 1999 Connecticut drug conviction should not serve as the basis for a potential enhanced sentence pursuant to 21 U.S.C. § 851.

Respectfully submitted,
Eduardo Pagan
By His Attorney:


___/s/ Robert  H. Astor_____
Robert H. Astor, Esquire
1441 Main Street, Suite 900
Springfield, MA 01103
(413) 781-1144
(413) 747-8044 FAX
BBO# 023120