UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>) <br>v.                                                     )<br>)<br>)<br>EDUARDO PAGAN,                       )<br>       Defendant.                             ) | Criminal No. 05-30046-GAO |

**THE GOVERNMENT'S RESPONSE TO THE DEFENDANT'S MOTION FOR PRE-TRIAL HEARING REGARDING SENTENCING ENHANCEMENT PURSUANT TO TITLE 21 U.S.C. § 851**

The United States of America, by Michael J. Sullivan, United States Attorney for the District of Massachusetts, through the undersigned Assistant U.S. Attorney, respectfully requests this Court to deny the defendant's motion to vacate his prior plea of guilty on the grounds that it was constitutionally infirm. The plea colloquy[1] at issue complies with Constitutional safeguards as outlined in Fed. R. Crim. P. 11[2] by establishing a factual basis for the charge and by assuring the defendant knowingly and voluntarily waived his Constitutional rights.  The colloquy also

---

[1] The defendant plead guilty on April 16, 1999, in Connecticut Superiour Court (District of Waterbury).  The Defendant attached a copy of the plea proceedings with his motion, and the transcrtipt was was assigned  Dkt. # 41-2.  The transcript of the plea hearing is cited as "(Plea Tr. _)."

[2] Fed. R. Crim. P. 11(b)(1) provides, inter alia, that "the court must inform the defendant of, and determine that the defendant understands, the following:"
  (C) the right to a jury trial;
  (D) the right to be represented by counsel- and if necessary have the court appoint counsel - at trial and at every other stage of the proceeding;
  (E) the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses;
  (F) the defendant's waiver of these trial rights if the court accepts a plea of guilty or nolo contendre;
  (G) the nature of each charge to which te defendant is pleading...

1

demonstrates the defendant knowingly and voluntarily entered his plea of guilty consistent with Boykin v. Alabama, 395 U.S. 238 (1969).  After advising the defendant of the maximum penalty he faced, the sentencing judge advised the defendant that:

> By pleading guilty, you are giving up your right to say not guilty, have a trial before a judge or jury, have an attorney assist you at that trial, present defenses, confront accusers, cross-examine witnesses.  And you're giving up your right against self-incrimination.  You understand that?  (Plea Tr. 3).

The defendant responded to this question in the affirmative and indicated he was voluntarily waiving those rights.  (Plea Tr. 3).  After the prosecutor summarized the evidence against the defendant [Plea Tr. 4], the sentencing judge confirmed the defendant's intentions on pleading guilty by asking him:

> Mr. Pagan, you're not admitting to the facts Mr. Davenport just read about the drugs and you as being true.  You've entered your plea of guilty to accept the sentence of four years rather than go to trial where you acknowledge the state would have had substantial evidence to convict you.  And if convicted, you could have received a more severe penalty.  You understand that, sir? (Plea Tr. 5)

The defendant answered in the affirmative, indicating his decision to knowingly and voluntarily plead guilty.  It is of little significance that the defendant tendered an Alford plea, since it was clear the defendant was represented by counsel, and that by pleading guilty, he made the conscious decision to limit himself from further exposure after trial.  North Carolina v. Alford, 400 U.S. 25(1970).  In North Carolina v. Alford, the Supreme Court upheld a defendant's guilty plea even though the defendant did not admit to committing the underlying offense.  Id.   The Court placed great significance on the fact that "the defendant was represented by competent counsel whose advice was that the plea would be to the defendant's advantage." Id. at 31.

                                                 Respectfully submitted,

                    MICHAEL J. SULLIVAN
                    United States Attorney

                    /s/ Paul Hart Smyth
                    _____

                    Paul Hart Smyth
                    Assistant U.S. Attorney
                    Springfield Branch Office

CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Paul Hart Smyth

Paul Hart Smyth
Assistant United States Attorney

Date: August 3, 2006